## Richmond.

## CHESAPEAKE AND OHIO RAILWAY COMPANY V. WILLIAMS AND LOUTHAN, RECEIVERS.

### March 21, 1918.

1. APPEAL AND ERROR—*Amount in Controversy.*—In an action of assumpsit to recover excess freight charges on creosote, it was entirely competent for the plaintiffs to claim interest or not as they chose, and the trial court was powerless to make them claim it on demand of defendant, there being no evidence of a purpose to defeat the jurisdiction of a court of record by the release of a part of a demand previously asserted. Consequently, where the amount in controversy, without interest, was beneath the jurisdictional limit of the Supreme Court of Appeals, a writ of error must be dismissed as improvidently awarded, unless jurisdiction can be shown on some other ground than the amount in controversy.

2. CONSTITUTIONAL LAW—*State Corporation Commission—Review of Decisions—Section 156 of the Constitution.*—The State Corporation Commission had prescribed no rate on creosote oil in steel drums. The commission had, however, provided that "articles not enumerated will be classified with analogous articles." In an action of assumpsit to recover excess freight charges on creosote shipped from Richmond to Norfolk, the only question settled by the judgment was to which of two different classes the creosote oil in drums belonged.

   *Held:* That the judgment did not in any way call in question any action of the State Corporation Commission and accordingly was not in contravention of section 156 of the Constitution. If it be conceded that the court plainly erred in its classification, it was an error of judgment in the determination of the rights of the parties, which cannot be reviewed by the Supreme Court of Appeals when the amount in controversy is less than $300.

Error to a judgment of the Hustings Court, Part II, of City of Richmond. Judgment for plaintiff. Defendants assign error.

*Writ dismissed.*

The opinion states the case.

*D. H. & Walter Leake* and *Henry Taylor, Jr.,* for the plaintiff in error.

*Gunn & Mathews* and *Price & Louthan,* for the defendants in error.

Burks, J., delivered the opinion of the court.

This is an action of assumpsit to recover excess freight charges on creosote shipped from the city of Richmond to the city of Norfolk, Va. There were a number of shipments, and the plaintiff below claimed in his declaration and in the account filed therewith the sum of $272.16. No interest was claimed in either the declaration or the account, and the damages laid in the *ad damnum* clause of the declaration amounted to only $300. The defendant below claimed that, if the plaintiffs were entitled to recover at all, their claim became due and should bear interest from April 1, 1914, but the plaintiffs at no time claimed interest.

The case was heard by the court, without the intervention of a jury, and the trial court gave judgment for the plaintiff for $272.16 with interest from the date of the judgment. "Thereupon, the defendant, by counsel, requested the court to include in the said judgment interest from April 1, 1914, the date of the account filed with the declaration; but the court, being of opinion that, as the plaintiffs had not claimed interest in their declaration, and the plaintiffs' counsel not asking or claiming interest at the bar of the court, refused to allow the same; to which ruling and judgment of the court defendant, by counsel, excepted."

We see no error in this action of the trial court. It was entirely competent for the plaintiffs to claim interest or not as they chose. The court was powerless to make them

claim it.    There is no evidence of a purpose to defeat the jurisdiction of a court of record by the release of a part of a demand previously asserted, and the case is not within the purview of the cases of *James* v. *Stokes,* 77 Va. 225, and *Hansbrough* v. *Stinnett,* 25 Gratt. (66 Va.) 495.    The amount in controversy, therefore, is beneath the jurisdictional limit of this court, and the writ of error must be dismissed as improvidently awarded, unless jurisdiction can be shown on some other ground than the amount in controversy.

It is claimed by the plaintiff in error that the judgment under review is in contravention of section 156 of the Constitution of this State, which declares that "no court of this Commonwealth (except the Supreme Court of Appeals by way of a direct appeal from the action of the Commission) shall have jurisdiction to review, reverse, correct or annul any action of the commission, within the scope of its authority."    The judgment under review does not in any way call in question any action of the State Corporation Commission. The article shipped, upon which it is alleged excess freight was charged, was creosote oil in steel drums, for which no rate had been prescribed by the commission.    The commission had, however, provided that "articles not enumerated will be classified with analogous articles," and the only question settled by the judgment was to which of two different classes the creosote oil in drums belonged.    What is called in the record the Virginia Classification had two rates on creosote or creosote oil.    One rate was what was known as a "commodity rate," an exception for a specific article out of the general classification and applicable only to the article mentioned.    This was a rate of six and one-half cents for creosote in wood.    The other rate was what was known as the "class rate" and was ten cents for creosote *in barrels.*    Now barrels are generally made of wood and rarely of any other material, and as the shipments in controversy

were in steel drums, it was necessary for the trial court to determine which of the two rates was applicable, the commodity rate or the class rate. If it be conceded that it plainly erred in its classification, it was an error of judgment in the determination of the rights of the parties, which cannot be reviewed by this court when the amount in controversy is less than $300. There was no controversy before the Corporation Commission, there was no refusal to obey its mandate; nor was there any denial of its supreme power to fix rates and classifications. Its power to fix rates and classifications were not only not denied, but the case proceeded upon the admission of its power and that it had been exercised. The only complaint that the plaintiff in error can make is that the case was not properly decided. That complaint this court cannot hear unless the amount involved is within the jurisdictional limit of this court. The judgment may not conform to the classification of the commission, but it cannot be said "to review, reverse, correct or annul any act of the commission." If it did, then an appeal would lie to this court in every case where it was alleged that the trial court had erred in the classification of freight, regardless of the amount involved. This cannot be true. If there were no Corporation Commission, and no constitutional provision for such a commission, and the legislature had by act of Assembly made just such a classification as was made by the commission, and this case had been tried under that act and the instant judgment rendered therein, it seems fairly plain that no writ of error would lie from this court, as the judgment is for less than $300. We do not think that the action of the Corporation Commission stands on any higher footing than the act of Assembly would in the case supposed.

For these reasons, we think the writ of error must be dismissed as improvidently awarded.

*Writ dismissed.*